**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**WILLIE ALBERT SMITH**

      **Petitioner,**

**v.**                                  **Case No.: 5:16cv247-LC/CAS**

**JULIE JONES,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

      Petitioner Willie Albert Smith filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on August 29, 2016, by the Mailbox Rule.  ECF No. 1.  Petitioner sought leave to file an amended petition, which the Court granted on October 6, 2016.  ECF No. 7. Petitioner filed an amended petition on October 31, 2016, by the Mailbox Rule.  ECF No. 10.  The Court ordered Respondent to file an answer or other responsive pleading.  ECF No. 12.  On January 3, 2017, Respondent moved to dismiss the petition.  ECF No. 14.

      The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  As explained in detail

below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be granted.

## Background and Procedural History

Petitioner was convicted in Florida's Thirteenth Judicial Circuit of one count of dealing in stolen property in violation of section 831.02, Florida Statutes, and one count of uttering a forged instrument in violation of section 812.019(1), Florida Statutes.  ECF No. 14 at 26.  On June 13, 2001, Petitioner was sentenced to 15 years in prison with respect to Count I, with 206 days of credit for time served; and to 5 years with respect to Count II, with 208 days of credit for time served.  *Id.* at 38, 56. The Second District Court of Appeal (hereafter "DCA") affirmed Petitioner's conviction and sentences on August 23, 2002.  Smith v. State, 827 So. 2d 998 (Fla. 2d DCA 2002) (table).

Petitioner's sentences were to run consecutively, for a total sentence of 20 years minus 414 days of county jail credit.  ECF No. 14 at 39. Petitioner accrued a further 1,235 days of gain time while incarcerated, and forfeited 154 days of gain time due to disciplinary actions.  *Id.* at 26. Florida law requires that a prisoner must serve at least 85 percent of the length of the sentence imposed, and limits the amount of gain time a

Case No.: 5:16cv247-LC/CAS

prisoner may earn.  § 944.275(4)(b)(3), Fla. Stat. (2001).  Based on this

calculation, Petitioner's tentative release date is May 5, 2017.  ECF No. 14

at 27–28.

On February 4, 2016, the Florida Supreme Court dismissed

Petitioner's application for writ of habeas corpus, which Petitioner had filed

in that court on November 30, 2015.  Smith v. Jones, No. SC15-2191, 2016

WL 462847, at *1 (Fla. Feb. 4, 2016).  The Supreme Court retained

jurisdiction "to pursue any possible sanctions against [P]etitioner."  *Id.*  On

May 12, 2016, after Petitioner failed to show cause, the Florida Supreme

Court sanctioned Petitioner "based upon the volume of [Petitioner's]

meritless and inappropriate filings."  Smith v. Jones, 191 So. 3d 445, 446

(Fla. 2016).  Prior to the petition resulting in his sanction by the Florida

Supreme Court, Petitioner had filed twenty-seven petitions for extraordinary

writs and eight notices seeking discretionary review from that court.  *Id.*

The Florida Supreme Court barred Petitioner from making any further pro

se filings, and forwarded a copy of its ruling to the Florida Department of

Corrections pursuant to section 994.279(1), Florida Statutes.  *Id.* at 448.

That statute provides that a prisoner who files a frivolous or malicious claim

in any Florida court or federal court "is subject to disciplinary procedures

pursuant to the rules of the Department of Corrections." § 944.279(1), Fla. Stat. (2016).

On August 8, 2016, the Florida Department of Corrections (hereafter "DOC") staff at Gulf Correctional Institution, where Petitioner is incarcerated, received notice of the Florida Supreme Court's sanction. ECF No. 11 at 62. DOC charged Petitioner with a disciplinary infraction, and served Petitioner with notice on August 9, 2016. *Id.* DOC held a hearing on August 12, 2016, at which Petitioner gave a statement, and found Petitioner guilty of the disciplinary charge. *Id.* at 63. Petitioner received a sentence of sixty days disciplinary confinement on the same date. *Id.*

Petitioner filed his initial section 2254 petition with this Court on August 29, 2016, by the Mailbox Rule. ECF No. 1. On October 31, 2016, Petitioner filed an amended section 2254 petition. ECF No. 10. Petitioner raises four grounds for relief in his amended petition. Ground 1 claims that Petitioner should have been released in 2015, that DOC has miscalculated his sentence, and that Petitioner has suffered involuntary servitude as a result. *Id.* at 5, 12–15. In Ground 2, Petitioner claims that the Florida Supreme Court abused its discretion in sanctioning him. *Id.* at 15–17. In

Ground 3, Petitioner claims that section 944.09,[1] Florida Statutes, is

"vindictive and [a]rbitrary [l]egislation and is [h]ighly unconstitutional." *Id.* at

17–18.  In Ground 4, Petitioner contends that Florida Rule of Criminal

Procedure 3.850 (hereafter "Rule 3.850") is unconstitutional, because it

supplants the common law writ of error coram nobis, which Petitioner

contends is required by the Constitution.[2]  *Id.* at 18–22.  Petitioner asks the

Court to order his release "until this [i]ssue is settled," and to order DOC to

pay Petitioner restitution of $300.00 per day.  *Id.* at 22.  Petitioner also asks

the Court to declare both section 944.279(1), Florida Statutes, and Rule

3.850 unconstitutional, and to "[r]e[i]nstate the [w]rit of [e]rror [c]oram

[n]obis."  *Id.*

On January 3, 2017, Respondent moved to dismiss the section 2254

petition on the grounds that Petitioner's claims exclusively pertain to

questions of Florida law, and that this Court lacks jurisdiction to entertain

them.  ECF No. 14.  Petitioner filed a reply, in which he attempts to rebut

Respondent's jurisdictional argument by claiming that his sanction and

disciplinary confinement were imposed without due process, and in

---

[1] Section 944.09, Florida Statutes, relates to the general rules of DOC.  At all other
points in his petition, Petitioner references section 944.279(1), Florida Statutes, the
provision under which Petitioner was sentenced to disciplinary confinement.
[2] Petitioner does not specify whether his claim is based on the United States
Constitution, or the Florida Constitution.

Case No.: 5:16cv247-LC/CAS

violation of equal protection of the law.  ECF No. 20 at 1.  Petitioner also contends that DOC's calculation of his sentence violates due process and equal protection.  *Id.* at 2.

## Analysis

Insofar as Petitioner seeks a writ of habeas corpus as relief from the judgment of a state court, his petition is governed by both 28 U.S.C. §§ 2241 and 2254.  *See* Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) ("All applications for writs of habeas corpus are governed by § 2241  . . ..  Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254.").  A habeas petition "is the appropriate vehicle to bring challenges to the execution of sentence," not to the conditions or circumstances of confinement.  Gorrell v. Hastings, 541 F. App'x 943, 944 (11th Cir. 2013).  "So, when an inmate raises a challenge to the circumstances of his confinement rather than the execution of his sentence, the claim should be brought in a civil rights action rather than a habeas petition."  *Id.* (quoting Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006)).  Habeas corpus is not an appropriate vehicle to seek an award of damages for claimed violations of constitutional rights.  *See* Gwin v. Snow, 870 F.2d 616, 620 (11th Cir. 1989) (citing Preiser v. Rodriguez, 411 U.S. 475, 494 (1973)).  Therefore, the Court

should dismiss Petitioner's claims to the extent he seeks restitution payments.  *See* ECF No. 10 at 22.

Petitioner's contention that DOC miscalculated his release date is an issue of state law, and the Court lacks jurisdiction to review it.  "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67 (1991).  The Eleventh Circuit has consistently held "that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."  Brannan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).  Petitioner's attempt to cast the alleged miscalculation as a violation of his Thirteenth Amendment rights is meritless.  "[W]here a prisoner is incarcerated pursuant to a presumptively valid judgment and commitment order issued by a court of competent jurisdiction . . .the [T]hirteenth [A]mendment's prohibition against involuntary servitude is not implicated."  Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983); *see* U.S. Const. amend. XIII (providing involuntary servitude unconstitutional "except as a punishment for crime, whereof the party shall have been duly convicted"). The Court should dismiss Ground 1 of the petition.

The Court should dismiss Grounds 2 and 3 of the petition for similar reasons.  In Ground 2, Petitioner asks the Court to reverse the Florida Supreme Court for abuse of discretion.  ECF No. 10 at 15.  Petitioner claims in Ground 3 that various provisions of chapter 944, Florida Statutes, are "[a]rbitrary and [v]indictive [l]egislation" because under those provisions a prisoner may be sanctioned "on an [a]buse of [d]iscretion," as Petitioner contends he was.  *Id.* at 18.  Petitioner asks the Court to amend section 944.279(1), Florida Statutes, to provide that a prisoner may only be disciplined by DOC under that section if they violate a pre-existing sanction, rather than as a consequence of a newly-imposed sanction.  *Id.*

Although federal habeas courts may review state courts' applications of federal law within the scope of review prescribed by Congress, *see* 28 U.S.C. § 2254, federal courts may not review state court decisions which apply state law only.  "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  Wilson v. Corcoran, 562 U.S. 1, 5 (2010).  The jurisdiction of federal courts is limited both by the Constitution itself, and by statute. *See* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (explaining limits of federal jurisdiction).  Furthermore, the Court has no power to amend legislation as Petitioner asks.  *See* U.S. Const. art. III § 2

(explaining limits of judicial power); U.S. Const. art. I § 1 (vesting federal legislative power in the Congress); U.S. Const. amend. X (reserving to the states all powers not granted to the federal government). Because Grounds 2 and 3 are based solely on the Florida Supreme Court's interpretation of Florida law, they do not present a federal question, and the Court should dismiss them.

Petitioner's fourth ground, claiming that Rule 3.850 unconstitutionally suspends the writ of error coram nobis, is likewise without merit.  Coram nobis is a post-conviction writ which corrects a dispositive error of fact. *See* Nickels v. State, 98 So. 502, 504 (Fla. 1923) (coram nobis intended "only to enable [a court] to recal[l] some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment").  Rule 3.850 "was patterned after the writ of error coram nobis" and largely replaced it.  Wood v. State, 750 So. 2d 592, 594 (Fla. 1999). This redesignation does not qualify as a functional suspension of the writ.

Furthermore, Rule 3.850 applies a more permissive standard of review than that applied at common law to an application for coram nobis: An applicant for coram nobis would be required to show "that the alleged facts [are] of such a vital nature that had they been known to the trial court, they *conclusively would have prevented the entry of the judgment.*"  Wood

v. State, 750 So. 2d 592, 593–94 (Fla. 1999) (emphasis added) (quoting

Hallman v. State, 371 So. 2d 482, 484–85 (Fla. 1979)).  To obtain relief on

a claim of newly-discovered evidence under Rule 3.850, a petitioner must

show that the evidence is "of such a nature that it would *probably* produce

an acquittal on retrial."  Melton v. State, 193 So. 3d 881, 884 (Fla.

2016)(emphasis added).  The more permissive standard of Rule 3.850

provides relief to individuals who would be unable to meet the more

restrictive threshold applied at common law, expanding the scope of the

writ.  *See* Woods, 750 So. 2d at 593–96 (comparing Rule 3.850 and the

writ of error coram nobis).

Assuming for the sake of argument that Rule 3.850 did suspend the

writ of error coram nobis, no federal constitutional provision is implicated:

the Constitution guarantees only that "[t]he Privilege of the Writ of Habeas

Corpus shall not be suspended," and does not mention the writ of error

coram nobis.  U.S. Const. art. I § 9 cl. 2. Therefore, even if Rule 3.850

functioned as Petitioner claims, that issue would not present a federal

question, and would not be cognizable before this Court.  *See* Wilson, 562

U.S. at 5 (explaining that only custody which violates federal law is

cognizable in federal habeas).

Case No.: 5:16cv247-LC/CAS

Finally, Petitioner's constitutional claims are facially insufficient. Petitioner attempts to cast Grounds 1, 2, and 4 as violations of either his due process or equal protection rights under the Fourteenth Amendment. *See* U.S. Const. amend. XIV § 1.  Petitioner's discussion of each claimed violation "is wholly conclusory and unsupported by factual allegations or proof."  United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980) (holding that such claims are "without merit").[3]  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); *see* West v. Allen, 868 F. Supp. 2d 1224, 1249 (N.D. Ala. 2011) (collecting cases discussing sufficiency of pleadings in habeas cases).  Petitioner claims that the Florida Supreme Court's decision to sanction him is "[a]n [a]buse of [d]iscretion and [a] [d]enial of the [eq]ual [p]rotection of the [l]aw," but does not provide any facts to support an equal protection claim.  ECF No. 10 at 15.  The same is true of Petitioner's claim that section 944.279(1), Florida Statutes, is "[h]ighly unconstitutional."  *Id.* at 17.  Without supporting facts,

---

[3] Under Bonner v. City of Pritchard, all decisions of the United States Court of Appeals for the Fifth Circuit which were handed down prior to the close of business on September 30, 1981, are established precedent for the United States Court of Appeals for the Eleventh Circuit.  661 F.2d 1206, 1207 (11th Cir. 1981).
Case No.: 5:16cv247-LC/CAS

Petitioner's constitutional claims are facially insufficient, and should be dismissed.

## Conclusion

Petitioner's plea for restitution is not cognizable in habeas, and should be dismissed.  Petitioner's constitutional claims are facially insufficient, and should also be dismissed.  Petitioner's other claims raise issues of state law over which this Court lacks jurisdiction.

## Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make "a substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining substantial showing).  Therefore, the Court may deny a certificate of appealability.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation. Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## **Recommendation**

Accordingly, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 14) be **GRANTED** and the amended petition for writ of habeas corpus (ECF No. 10) be **DISMISSED**. It is also respectfully **RECOMMENDED** that a certificate of appealability be **DENIED**, and that leave to appeal in forma pauperis be **DENIED**.

In chambers at Tallahassee, Florida on February 13, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of these objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**